UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | |
|---|---|
| *SOUTHERN COMMODITIES, LLC,* § § | |
| **Plaintiff,** § § | |
| v. § § § | **CIVIL ACTION NO. 2:17-cv-11** |
| *CONTINENTAL WESTERN INSURANCE COMPANY, MARK MASSEY AND ALEXANDER INSURANCE AGENCY,* § § § § | |
| **Defendants.** § | |

## DEFENDANT CONTINENTAL WESTERN INSURANCE COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant Continental Western Insurance Company ("Continental") respectfully petitions this Court for removal of the above-entitled action to the United States District Court for the Western District of Texas from the 38th Judicial District Court of Uvalde County, Texas, and for its Notice of Removal states:

### I.
### REMOVAL JURISDICTION

1. This action, entitled *Southern Commodities, LLC v. Continental Western Insurance Company, Mark Massey, and Alexander Insurance Agency,* pending in the 38th Judicial District Court of Uvalde County, Texas, Cause No. 2017-01-31523-CV was commenced against Defendants via the filing of Plaintiff's Original Petition on or about January 23, 2017.

2. Continental received the citation and Petition via service on January 31, 2017. Accordingly, this notice of removal is timely filed pursuant to 28 U.S.C. § 1446(b).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because this district and division embrace the place which the removed state court action is pending.

4. Plaintiff alleges causes of action against Continental for breach of contract, violations of the Texas Insurance Code, DTPA violations, and breach of the duty of good faith and fair dealing. Plaintiff alleges causes of action against Defendant Mark Massey ("Massey") for violations of the Texas Insurance Code, DTPA violations, and breach of the duty of good faith and fair dealing. Plaintiff alleges causes of action against Defendant Alexander Insurance Agency ("Alexander Insurance") for negligence, gross negligence, and violations of the DTPA. Plaintiff sued Defendants for damages, including actual, consequential, and exemplary damages, attorney's fees, court costs, 18% statutory penalty damages, pre-judgment interest, post-judgment interest, and treble damages. *See* Exhibit A (Plaintiff's Original Petition at 9-17).

5. Plaintiff is a limited liability company. *See* Exhibit A (Plaintiff's Original Petition at 9). The citizenship of a limited liability company "is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Upon information and belief, each of Plaintiff's members is now, and was at the time this action was commenced, a citizen of Texas. Therefore, Plaintiff is a citizen of Texas. Continental is an insurance corporation organized under the law of the State of Iowa with its principal place of business in Iowa. This has not changed since the time the action was commenced. Therefore, Continental is now, and was at the time this action was commenced, a citizen of Iowa. Massey and Alexander Insurance have been improperly joined and their citizenships should be disregarded for the purposes of determining diversity jurisdiction. Thus, removal is proper because there is complete diversity between the properly-named parties under 28 U.S.C. § 1332.

**A.    Improper Joinder of Massey**

6.    The doctrine of improper joinder allows a Court to disregard citizenship of a non-diverse defendant when: (1) there is actual fraud in the pleading of jurisdictional facts; or (2) a plaintiff cannot establish a cause of action against the non-diverse party in state court. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). When determining if the second ground for improper joinder is met, the Court evaluates the pleading under a Fed. R. Civ. P. 12(b)(6) analysis to determine if there is a "reasonable basis" to support plaintiff's claim against the non-diverse party. *Int'l Energy Ventures Mgmn't LLC v. United Energy Group Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016). A theoretical basis is not sufficient and there must be a "factual fit between the plaintiff's allegation and the pleaded theory of recovery." *Moore v. State Farm Mut. Auto. Ins. Co.*, 2012 U.S. Dist. LEXIS 127564, *8-9 (S.D. Tex. September 6, 2012) (citing *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 461-62 (5th Cir. 2003) (quoting *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999)).

7.    Plaintiff's lawsuit arises from a first-party insurance claim related to its property located in Uvalde, Texas. Plaintiff's lawsuit arises from an insurance claim for alleged windstorm damage to its property, which allegedly occurred during Continental's policy period. *See* Exhibit A (Plaintiff's Original Petition at 3). Plaintiff alleges that Continental assigned the claim to Massey to investigate the loss. *Id.* at 4. According to Plaintiff, Massey "recognized some of the extensive damages to the structures situated on Plaintiff's property, [but] nevertheless improperly adjusted the Plaintiff's claim because he failed to recognize the extensive damages to Plaintiff's office building and its warehouse building." *Id.* Plaintiff also alleges that "Massey misrepresented the cause of, scope of, and cost to repair the damages to Plaintiff's Property, as well as the amount of and insurance coverage for Plaintiff's claim/loss

under Plaintiff's insurance policy." *Id.* at 5.  Plaintiff further alleges that "Massey's misrepresentations caused Continental to underpay Plaintiff on its insurance claim and, as such, Plaintiff has not been able to properly and completely repair the damages to Plaintiff's property." *Id.*  In essence, Plaintiff's complaint is that Continental failed to pay the full amount to which Plaintiff believed it was entitled under the policy.

8. There is no reasonable basis for Plaintiff to recover from Massey in state court because Massey's alleged actions are indistinguishable from the alleged actions of Continental. Plaintiff's Original Petition fails to state that Massey acted outside his duties as an independent contractor who assisted in the investigation of Plaintiff's claim.  Indeed, Plaintiff alleges the opposite – it alleges "[a]t all times material hereto, Defendant Massey was acting as an agent for Defendant Continental and represented Continental in regard to Plaintiff's claim." *Id.* at 4.  As such, Plaintiff fails to distinguish between Massey's allegedly wrongful acts and those of Continental, and therefore cannot recover separately from Massey. *Novelli v. Allstate Texas Lloyd's*, No. H-11-2690, 2012 LEXIS 37418, at *4–5 (S.D. Tex. Mar. 19, 2012)(concluding that "because the Plaintiffs' claims against [the adjuster] are identical to his claims against the corporate Defendants, he fails adequately to state a claim against [the adjuster].")).

9. Although Plaintiff alleges a cause of action against Massey for violations of the Texas Insurance Code, the allegations are nothing more than labels, legal conclusions couched as factual allegations, and formulaic recitations of the elements of the cause of action. *See* Exhibit A (Plaintiff's Original Petition at 7-10).  None of these allegations is sufficient to establish a viable cause of action against Massey under Texas law. *Finkelman v. Liberty Mut. Fire Ins. Co.*, No. H:09-CV-03855, 2010 LEXIS 56813, at *19–21 (S.D. Tex. Feb. 4, 2010); *see Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.*, No. H-09-1728, 2009 LEXIS 99854, at *3 (S.D.

Tex. Oct. 27, 2009)(holding that verbatim recitations of claim elements from the Texas Insurance Code without allegations illustrating what actions are specifically attributable to the insurance adjuster are insufficient to state a viable claim against the adjuster); *Frisby v. Lumbermens Mut. Cas. Co.*, No. H-07-015, 2007 LEXIS 60654, at *4 (S.D. Tex. Feb. 20, 2007) (holding that a complaint alleging joint violation of statutory provisions of the Insurance Code by the insurance company and adjuster "[did] not sufficiently separate those actions attributable to [the insurance company] from those of [the adjuster]".  Continental also contends that Plaintiff's allegations regarding unspecified misrepresentations purportedly made by Massey fail to comply with the pleading requirements imposed by Federal Rules of Civil Procedure 9(b). *Int'l Energy Ventures Mgmn't*, 818 F.3d at 209. Therefore, there is no reasonable basis for the Court to predict Plaintiff might recover against Massey.

10.  Plaintiff also alleges Massey violated Section 542 of the Texas Insurance Code. *See* Exhibit A (Plaintiff's Original Petition at 10). There is no right of action against an adjuster under Chapter 542 of the Texas Insurance Code because an adjuster does not meet the definition of an "insurer." *Messersmith*, 10 F. Supp. 3d 721, 723 (N.D. Tex. 2014) (citing Tex. Ins. Code § 542.060(a)). As such, there is no reasonable basis to conclude Plaintiff can succeed on a claim for violations of Texas Insurance Code Chapter 542 against Massey.

11.  "There can be no recovery for extra-contractual damages for mishandling of claims unless the complained of actions or omissions caused injury independent of those that would have resulted from a wrongful denial of policy benefits." *Parkan Int., LLC v. Zurich Ins. Co.*, 299 F.3d 514, 519 (5th Cir. 2002) (citing *Provident American Ins. Co. v. Castaneda*, 988 S.W.2d 189, 198 (Tex. 1998)). Continental further asserts Plaintiff has failed to plead facts supporting a reasonable basis for recovery against Massey because it does not plead independent

damages caused by Massey that are separate and apart from the alleged damages arising out of the alleged wrongful denial of policy benefits by Continental. *See* Exhibit A (Plaintiff's Original Petition at 16).

12. For these reasons, there is no reasonable basis to predict Plaintiff might recover against non-diverse Defendant Massey given Plaintiff's failure to plead facts which fit a properly pleaded theory of recovery against Massey. This Court should disregard Massey's citizenship for purposes of the removal determination.

### B. Fraudulent Misjoinder of Alexander Insurance

13. Plaintiff alleges that Alexander Insurance failed to procure adequate limits of insurance coverage for Plaintiff's property. *See* Exhibit A (Plaintiff's Original Petition at 8-9). Based on this alleged failure, Plaintiff sues Alexander Insurance for negligence, gross negligence, and violation of the Texas Deceptive Trade Practices Act ("DTPA") in the procurement of the policy. *Id.* at 14-15.

14. Courts in this Circuit have recognized the Fifth Circuit's tacit approval of fraudulent misjoinder as a basis for removal. *See Centaur's Unity v. Lexington Ins. Co.*, 766 F. Supp. 780, 789 (S.D. Tex. 2011) (noting the Fifth Circuit "has acknowledged that fraudulent misjoinder of either defendants or plaintiffs is not permissible to circumvent diversity jurisdiction") (citing *Benjamin Moore & Co.*, 318 F. 31 (5th Cir. 2002); *Palos v. Vick, SA-13-CV-805-XR*, 2013 WL5740287, at *2 (W.D. Tex. Oct. 22, 2013); *Nava v. One Beacon Am. Ins. Co.*, EP-10-CV-478-KC, 2011 WL976506, at *2 (W.D. Tex. Mar. 15, 2011); *Tex. Instruments, Inc. v. Citigroup Global Mkts. Inc.*, 266 F.R.D. 143, 147 (S.D. Tex. 2010); *Wells Fargo Bank, N.A. v. Am. Gen. Life. Ins.*, 670 F. Supp. 2d 555, 562 (N.D. Tex. 2009). The principles of fraudulent misjoinder prevent plaintiffs from improperly joining claims to avoid diversity

jurisdiction. *See Struder v. State Farm Lloyds*, 2013 U.S. Dist. LEXIS 183915, *10 (E.D. Tex. Dec.18, 2013) ("Merely lumping diverse and non-diverse defendants together in an undifferentiated liability averments of a petition does not satisfy the requirement to state specific actionable conduct against the non-diverse defendant.") (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir.1999)).

15.   Both federal and Texas law require "(1) 'there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences' and (2) 'any question of law or fact common to all defendants will arise in the action.'" *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006) (quoting Fed. R. Civ. P 20(a) and citing Tex. R. Civ. P. 40(a)) (emphasis added). "If these requirements were not met, joinder was improper even if there was no fraudulent joinder and the heirs could recover against each defendant." *Id.* (emphasis added). As the Crockett court observed, the diversity statute turns on the citizenship of properly joined parties rather than "nonfraudulently joined" parties. *Id.* at 533 n. 7 (citing 28 U.S.C. §1441(b): "A civil action otherwise removable solely on the basis of the jurisdiction under [28 USCS § 1332(a)] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." (emphasis added)).

16.   Plaintiff's claims against Continental and Massey arise out of separate and distinct transactions or occurrences from those against Alexander Insurance. To arise out of the same transaction or occurrence, at least some facts must be relevant to both claims for the claims. *Blalock Prescription Center, Inc. v. Lopez–Guerra*, 986 S.W.2d 658, 663–64 (Tex. App.—Corpus Christi 1998, no pet.). The claims against Alexander Insurance arise out of its alleged wrongdoing during the procurement of the policy, while the claims against Continental and

Massey arise out of those defendants' alleged mishandling of Plaintiff's property damage claim at some point thereafter. There are no facts that are relevant to both sets of claims. As such, the claims against Continental and Massey do not arise out of the same transaction or occurrence as the claims against Alexander Insurance, and Plaintiff's claims against Alexander Insurance have been misjoined with those against Continental and Massey. Accordingly, the Court should disregard Alexander Insurance's citizenship for purposes of determining diversity jurisdiction.

17. Since Plaintiff is a citizen of Texas and Continental is a citizen of Iowa and because Massey and Alexander Insurance have been improperly joined, diversity of citizenship exists among the parties.

## II.
## AMOUNT IN CONTROVERSY

18. "Plaintiff seeks monetary relief $1,000,000." *See* Exhibit A (Plaintiff's Original Petition at 16). Thus, the amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied.

## III.
## ATTACHMENTS

19. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Continental in the state court action are attached to this notice. *See* Exhibit A.

## IV.
## NOTICE TO STATE COURT

20. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this notice of removal will promptly be given to all parties and to the clerk of the 38th District Court of Uvalde County, Texas.

21. Pursuant to Federal Rule of Civil Procedure 38, Continental demands a trial by jury.

## V.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Continental respectfully gives notice that this state court action has been removed and placed on this Court's docket for further proceedings. Continental further request any additional relief to which it may be justly entitled.

Respectfully submitted,

*/s/ Jennifer G. Martin*
Jennifer G. Martin (TSBN 00794233)
jennifer.martin@wilsonelser.com
Nick Terrell (TSBN 24075149)
nick.terrell@wilsonelser.com
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP**
901 Main Street, Suite 4800
Dallas, Texas 75202
(214) 698-8047 - telephone
(214) 698-1101 - telecopier

**ATTORNEYS FOR DEFENDANTS CONTINENTAL WESTERN INSURANCE COMPANY AND MARK MASSE**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to the following counsel of record in accordance with the Federal Rules of Civil Procedure, on this the 17th day of February, 2017.

*/s/ Jennifer G. Martin*
JENNIFER G. MARTIN